CHECKOUT HOLDINGS, LLC, a Delaware business entity, Plaintiff—Appellant,

v.

AMPLIFIED HOLDINGS, INC., a Delaware corporation; Clifford H. Friedman, an individual; Stephen M. Krupa, an individual; Christopher Melton, an individual; Bishop Leatherbury, an individual; Constellation Venture Capital, L.P., a Delaware business entity; Constellation Venture Capital Offshore, L.P., a Delaware business entity; Psilos Group Partners, L.P., a New York business entity; CCP/Psilos Amplified, LLC, a New York business entity; Noro–Moseley Partners IV, L.P., a Georgia business entity; Noro–Moseley Partners IV–B, L.P., a Georgia business entity; Toronto Dominion Investments, Inc., a Texas corporation; and Does 1–10, inclusive, Defendants—Appellees.

No. 02–56219.

D.C. No. CV–01–09067–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2003.

Decided May 7, 2003.

**632**

Before SCHROEDER, Chief Judge, GRABER, Circuit Judge, and SINGLETON,* District Judge.

### MEMORANDUM**

Plaintiff CheckOut Holdings, LLC, sued Defendant Amplified Holdings, Inc., and several of its officers, following a transaction in which Defendant purchased some of Plaintiff's assets in exchange for stock in Defendant. Plaintiff appeals the district court's grant of Defendant's Federal Rule of Civil Procedure 12(b)(6) motion, dis-

missing Plaintiff's Second Amended Complaint.

### A. *Section 10(b) and Rule 10b–5*

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a securities fraud complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1). A complaint must allege that the defendant made false or misleading statements either intentionally or with deliberate recklessness; if the challenged representation is a forward-looking statement, the complaint must allege that the statements were with made with actual knowledge of their misleading nature. *Fischer v. Vantive Corp. (In re Vantive Corp. Sec. Litig.)*, 283 F.3d 1079, 1085 (9th Cir.2002). Further, the complaint must "state with particularity facts giving rise to a *strong* inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2) (emphasis added). The PSLRA's standards for pleading scienter apply to private transactions that do not involve a securities exchange. *See Falkowski v. Imation Corp.*, 309 F.3d 1123, 1133 (9th Cir.2002). On de novo review, we affirm the district court's holding that Plaintiff's First Cause of Action, claiming a violation of Section 10(b) of the Securities Exchange Act of 1934 and of Rule 10b–5, does not state a claim upon which relief can be granted.

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

### 1. *Falsity*

■ As to the allegation that Defendant misled Plaintiff by claiming that it was worth $70 to $80 million: Plaintiff's allegations, at most, can prove only that the statements and omissions were untrue and misleading two months *after* the transaction was completed. Plaintiff's Second Amended Complaint contains no fact to suggest that the statements and omissions were untrue *at the time* they were spoken or omitted. Plaintiff's "negative" evidence regarding Defendant's failure to state that anything significant occurred between the time of the statements and omissions and the time when they were alleged to be untrue is insufficient under the PSLRA's requirement that a securities fraud complaint must "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading," 15 U.S.C. § 78u–4(b)(1).

### 2. *Scienter*

■ Plaintiff cites numerous statements that it claims were misleading and numerous facts that Defendant and its officers failed to disclose. Nowhere in its Second Amended Complaint, however, does Plaintiff plead facts that would create a strong inference that Defendant and its officers knew that a particular statement was misleading or untruthful at the time the statement was made. Mere access to corporate information is inadequate evidence of scienter. *Vantive Corp.*, 283 F.3d at 1086–88. Plaintiff's bald allegations that Defendant officers knew one thing about the matters asserted, but reported another, are inadequate to plead scienter.

Plaintiff's allegation of a "Ponzi Scheme" by Defendant and the Secured Lenders is insufficient to create circumstantial evidence of scienter. *Wharf (Holdings) Ltd. v. United Int'l Holdings, Inc.*, 532 U.S. 588, 121 S.Ct. 1776, 149 L.Ed.2d 845 (2001), which Plaintiff cites to support its position does not discuss pleading requirements and does not diminish Plaintiff's burden to plead contemporaneous facts demonstrating that Defendant's misrepresentations were knowingly false when made.

### B. *Section 20(a)*

We have held that, "[t]o establish 'controlling person' liability, the plaintiff must show that a primary violation was committed and that the defendant 'directly or indirectly' controlled the violator." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1161 (9th Cir.1996). In this case, the alleged primary violation was of Section 10(b). Because we affirm the district court's dismissal of Plaintiff's First Cause of Action, there is no "primary violation" remaining in the case, and we must dismiss the Section 20(a) claim as well.

### C. *Leave to Amend*

In its Opening Brief, Plaintiff failed to discuss the claim that it should have been granted leave to amend its Second Amended Complaint and that the district court abused its discretion in failing to grant such leave. We therefore deem this claim waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived.").

AFFIRMED.